NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOUGLAS ORTIZ | : | |
| | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STANDARD & POOR'S and MARTHA DIESSLIN | : | Civil Action 09-cv-5757 (DMC)(JAD) |
| | : | |
| Defendants | : | |
| | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Standard & Poor's and Martha Diesslin ("Defendants") to dismiss Counts 4, 5 and 6 of the Amended Complaint pursuant to Fed. R. Civ P. 12(b)(6), and to transfer venue pursuant to 28 U.S.C.A. § 1404. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, it is the decision of this Court that the motion is **denied** in part and **granted** in part.

I.  BACKGROUND

Plaintiff was employed by Defendant Standard & Poor's in their New York office for almost ten years, working as a senior programmer analyst until he was let go in December, 2008. Defendant Diesslin was Plaintiff's supervisor during the relevant time period covered by this action. Plaintiff, who was 59 years old at the time he was fired, also suffered from depression. He

claims to have been wrongfully terminated, to have been discriminated against based on both his age and disability, to have been subjected to a hostile work environment, and to have suffered intentional infliction of emotional distress.

## II. LEGAL STANDARD

### A. Venue; 28 U.S.C.A. § 1404(a) and 28 U.S.C.A. § 1391(a)

In relevant part, 28 U.S.C.A. § 1404(a) states, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it may have been brought." Pursuant to 28 U.S.C.A. § 1391(a), venue is proper "in a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

"The burden of showing the need for transfer rests with the movants." *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995). Also, "although the district court has wide discretion in transferring a case, transfers should not be liberally granted." *Superior Precast v. Safeco Ins. Co. of Am.,* 71 F.Supp.2d 438, 445 (E.D.Pa.1999).

In construing the statutory language of 28 U.S.C.A. § 1404(a), the Third Circuit has pointed out that "commentators have called on the courts to consider all relevant factors to

determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins.* Co., 55 F. 3d 873, 879 (3d Cir., 1995). As enumerated by the *Jumara* Court,

> There are a number of relevant private and public factors a court should consider In deciding a motion to transfer. The private factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora.  The public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. (*Id.* at 879-880  )

In analyzing the third factor, the Court is specifically instructed to consider the situation "where the central facts of a lawsuit occur outside the chosen forum." *In re Consolodated Parlodel Litigation,* 22 F. Supp. 2d 320, 323 (D.N.J. 1998).

B.    Fed. R. Civ. P. 12(b)(6)

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).   "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

3

of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56. The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That said, something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Id* at 570.

### III.  DISCUSSION

In analyzing the private factors, the Court begins by noting that, pursuant to 28 U.S.C.A. § 1391(a), the Southern District of New York is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Thus, this case might properly have been brought in that district at its inception.

In examining Plaintiff's choice of forum and balancing that against the other considerations, the Court acknowledges that the burden of showing that transfer of venue would be appropriate according to the factors specified by the Third Circuit and pursuant to § 1404(a) lies with Defendant. Although Plaintiff initially brought this action in New Jersey, and clearly prefers that this Court retain jurisdiction, it is undisputed by the parties that all of the events that

gave rise to this cause of action occurred in the Southern District of New York during the time that Plaintiff was in the employ of, or under the supervision of, Defendants. "The paramount private interest factor is the plaintiff's choice of forum. However, the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." *See, e.g., Visual Software Solutions v. Managed Health Care Assocs.,* No. 00-1401, 2000 WL 1056446, at *2 (E.D.Pa. Aug.1, 2000) (citing *National Mortgage Network, Inc. v. Home Equity Ctrs.,* 683 F.Supp. 116, 119 (E.D.Pa.1988)); *Stealth Audio Alarm & Pet Containment Sys., Inc. v. Orion Eng'g, Inc.,* No. CIV.A. 96-7931, 1997 WL 597653, at *4 (E.D.Pa. Sept.19, 1997). Based on the fact that all of the events took place in the Southern District of New York, and that the only connection to New Jersey is Plaintiff's residence, the Court finds that even giving deference to Plaintiff's preference is not sufficient to avoid the transfer that Defendants seek.

     The next set of factors, the convenience of the parties and potential witnesses, and the location of evidence germane to the dispute, does not weigh heavily for either party. The Court notes that for the ten years of his employment with Defendant, Plaintiff came into the Southern District on a daily basis. While the Court does not minimize the burden of interstate travel, it is, in reality, a short and relatively easy trip to make. The fact that Defendants are in New York, and that evidence will most likely be found at Defendant's office in New York, is not overly persuasive for either party, although it slightly favors Defendants motion to transfer. More than any of the private factors, though, the fact that the underlying events that gave rise to this cause of action took place in New York overwhelmingly favors the Southern District of New York as the appropriate venue for the fair and complete adjudication of this matter.

As to the public factors that the Court must consider, most of them are in equipoise, and enforceability of the judgment and court congestion are mentioned by neither party in their moving papers. There are, however, two factors that weigh heavily in favor of transfer, the public policy concerns of the competing fora, and the local interest in deciding local controversies at home. Particularly in cases of employment discrimination such as the case at hand, "resolution of the employment discrimination... claims particularly would be most meaningful and salutary in the community in which these unlawful acts were allegedly perpetrated, in which the alleged perpetrator maintains a workforce and in which the alleged victim was employed [and resides.]" *Lamusta v. Lawson Mardon Wheaton, Inc.*, 2000 WL 274013 (E.D. Pa., March 13, 2000.). Although it is true, as pointed out earlier, that Plaintiff resides in New Jersey, the compelling public policy concern that New York has in protecting its employees from discrimination is paramount, regardless of where those employees are domiciled. Moreover, the local interest that New York has, and its ability to apply its own law to the controversy, favor transfer in the interest of justice.

Because the Court believes that proper venue for this action lies in the Southern District of New York, and that New York law must be applied to the facts, this Court will not consider the valid and persuasive arguments raised by Defendants in their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but will instead leave those issues to be resolved as the litigation proceeds in New York.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(6) is **denied** without prejudice, and Defendant's motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C.A. § 1404(a) is **granted**. An appropriate Order follows this Opinion.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:  November  10 , 2010
cc:    Hon. Joseph A. Dickson, U.S.M.J.
       Counsel of Record